UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANUK INVESTMENT, LLC,
SHARON SCHEUTZE, and
EAGER, LLC

       Plaintiffs,                            Case No. 18-11799
                                                    HON. VICTORIA A. ROBERTS
v.

CITY OF DETROIT, a Municipal Corporation

       Defendant.

_____/

**ORDER AND OPINION DENYING PLAINTIFFS'
MOTION FOR INJUNCTIVE RELIEF [DOC. #12]**

I. **INTRODUCTION**

Plaintiffs say the City denies property owners constitutionally protected due process rights by not issuing a certificate of compliance for a rental property if the owner has any outstanding blight judgments, including expired judgments, on any owned property.

While Plaintiffs plead procedural and substantive due process violations, they fail to demonstrate a strong likelihood of success on the merits or a likelihood of irreparable harm.

The Court **DENIES** Plaintiffs' Motion for Injunctive Relief.

II. **FACTUAL BACKGROUND**

Sanuk Investment, LLC, Sharon Scheutze, and Eager, LLC ("Plaintiffs") own residential real property in the City of Detroit. Plaintiffs challenge the City of Detroit's

1

administration of its Property Maintenance Code ("the Code"). The Code requires an owner of rental properties to obtain a certificate of compliance from the City before the property can be lawfully leased.

When Plaintiff Sanuk Investments, LLC, ("Sanuk") sought a certificate of compliance, the City denied its application because of an "unpaid blight ticket in the name of the applicant or the property owner." Sanuk challenges the denial because it is for an expired blight judgment owed for a property other than the one on which it sought a certificate of compliance. The City says the judgment is still valid and that even though the statute of limitations may be a legal defense to a lawsuit to collect on the judgment, that defense does not prevent the City from attempting to collect by withholding a certificate of compliance on other properties owned by the blight debtor.

Similarly, the City denied a certificate of compliance to Plaintiff Sharon Scheutze. She challenges the denial because she says the blight judgment is owed by Horizon Trust Company, the custodian of her property.

Both Sanuk and Scheutze eventually received certificates of compliance "after going back forth with [Department of Administrative Hearings] attorneys." However, Plaintiffs do not explain why, or how, they received the certificates.

The third Plaintiff, Eager, LLC ("Eager"), did not seek a certificate of compliance, but sold its rental property to another investor. In purchase closing documents, Eager agreed to clear blight judgments, including an expired blight judgment from 2005 issued to an individual unrelated to Eager; though it was on the property Eager sold. Eager says it paid the blight judgment "under duress of perhaps losing the sale."

Plaintiffs say there is no process or procedure to appeal the denial of a certificate of compliance. They request a preliminary injunction to enjoin the City from enforcing blight judgments that are beyond the applicable statute of limitations, by denying certificates of compliance. They also seek to enjoin the City from denying certificates of compliance because of blight judgments issued on properties unrelated to a property an owner seeks to rent that does not have such a judgment on it.

### III. PRELIMINARY INJUNCTION STANDARD

A preliminary injunction is an extraordinary remedy that will only be granted if Plaintiffs show that circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban Cty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000)). The Court considers four factors to determine whether Plaintiffs are entitled to a preliminary injunction: (1) whether there is a strong likelihood of success on the merits; (2) whether he is likely to suffer irreparable harm in the absence of preliminary relief; (3) whether the balance of equities tips in his favor; and (4) whether an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008). The Court balances these factors; they are not prerequisites that must be met. *Jones v. City of Monroe, Michigan,* 341 F.3d 474, 476 (6th Cir. 2003) (citing *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1985)).

Although the factors are to be balanced, a finding that there is no strong likelihood of success on the merits, *Gonzales v. Nat'l Bd. Of Med. Exam'rs.,* 225 F.3d 620, 625 (6th Cir. 2000), or no strong likelihood of irreparable harm, *Winter v. Natural Res. Def. Council,* 505 U.S. 7, 129 (2008), is usually fatal to a motion for injunctive relief. *See CLT Logistics v. River West Brands,* 777 F.Supp.2d 1052, 1064 (E.D.Mich. 2011). A district court need

3

not address all the preliminary injunction factors when fewer are dispositive of the issue. *Id.* (citing *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985)).

## IV. DISCUSSION

### A. Because of Insufficient Proofs on Their Constitutional Claim, Plaintiffs Do Not Show A Strong Likelihood of Success on the Merits

To show a likelihood of success on the merits, Plaintiffs "must show more than a mere possibility of success." *Certified Restoration Dry Cleaning v. Tenke,* 511 F.3d 535 and 538 (6th Cir. 2007). Plaintiffs' proofs that the City committed a constitutional violation in the administration of its Code are woefully inadequate and fail to demonstrate Plaintiffs have a strong likelihood of success on the merits.

#### 1. Plaintiffs Do Not Sustain Their Burden To Prove A Procedural Due Process Violation

In their Amended Complaint, Plaintiffs allege a "violation of due process."

> 54. The City's code does not provide for any process or procedure by which to challenge or otherwise appeal the City's refusal to issue a certificate of compliance for any reason.
>
> 55. As set forth above the City unlawfully deprives Plaintiffs, and those similarly situated, of their constitutional rights to the use and benefit of their real property.
>
> 56. As set forth above, the City unlawfully deprives Plaintiffs of these rights without notice and without affording them with any process or procedure by which to appeal the City's decision.
>
> 57. The absence of a means to challenge a municipality's removal of a property right is a constitutional due process violation. See *Mator v. City of Ecorse,* 301 Fed Appx 476 (6th Cir. 2008).

Plaintiffs' Amended Complaint. [Doc. #9].

This appears to be a procedural due process claim and it requires a two-part analysis: (1) whether the alleged deprivation involves a protected property interest, and (2) whether "the procedures attendant upon that deprivation were constitutionally sufficient." *Mator v. City of Ecorse,* 301 Fed.Appx. 476, 479 (6th Cir. 2008) (citing *Kentucky Dep't of Corr. V. Thompson,* 490 U.S. 454, 460 (1989). Constitutionally sufficient procedure "generally involves both prior notice and an opportunity for a pre-deprivation hearing." *Id.* citing *Braun v. Ann Arbor Charter Twp.,* 519 F.3d 564, 572 (6th Cir. 2008); *Harris v. City of Akron,* 20 F.3d 1396, 1401 (6th Cir. 1994). "But where a pre-deprivation hearing is impracticable or quick action is necessary, a post-deprivation hearing may be adequate." *Id.* citing *Harris,* 20 F.3d at 1401.

In their brief, Plaintiffs fail to address these elements of a procedural due process claim. Instead, they rely on conclusory statements that the City does not have any process for appeal.

Regarding judgments on unrelated properties serving as a bar to certificates of compliance, Plaintiffs say:

> [The City] is clearly violating due process rights of individuals that are forced to take responsibility for blight judgments in which they never had notice or an opportunity to defend in situations where the property is held in trust.

Plaintiffs' Motion. [Doc. #12]. This is insufficient to sustain Plaintiffs' burden to prove they have constitutionally protected property interests and that whatever protections were in place, were constitutionally deficient.

The City does not address this claim. However, the City does provide Section 9-1-37 of its Code in Exhibit F to their brief, which belies Plaintiffs' claim that no procedures are in place to challenge the City's actions. It reads:

> (b) An owner aggrieved by the suspension or denial of a certificate of compliance shall be entitled to a hearing before a hearing officer designated by the director of the City of Detroit's Department of Administrative Hearings. A request for a hearing on the suspension of a certificate of compliance shall be in writing addressed to the director of the department and must be made within seven days after the date of the notice of suspension or denial of the certificate.
>
> (c) At the hearing, the buildings, safety engineering and environmental department shall present relevant evidence to show the owner's failure to comply with the requirements of this article. The owner shall be given an opportunity at the hearing to present relevant evidence in support of the continuation or issuance of the certificate of compliance. A decision based upon preponderance of the evidence shall be issued in writing to the department and to the owner within 10 days after the hearing.

Defendant's Response [Doc. #17], Exhibit F.

The Code clearly outlines an appeal process for property owners who are denied certificates of compliance. This is precisely the process Plaintiffs say they are due. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mator,* 301 Fed.Appx. at 480 (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)).

Because there is an appeal process, Plaintiffs are not likely to succeed on the merits of their procedural due process claim.

### 2. Plaintiffs Do Not Sufficiently Demonstrate A Substantive Due Process Violation

Plaintiffs allude to a substantive due process deprivation in their Amended Complaint:

> 60. As set forth above, the City is extorting the payment of fines, fees, and judgments from Plaintiffs, and other homeowners similarly situated, in exchange for the issuance of a certificate of compliance.

6

> 62. The City's denial of certificates of compliance for a reason not specifically set forth in their Code is done for the ulterior motive of collecting funds, sometimes even from charges from unrelated properties, owners, or those outside the applicable statute of limitations.
>
> 65. Despite the City's knowledge it has utilized the unlawful scheme of denying constitutionally protected rights in order to collect debts. This practice has been the policy and custom of the City since sometime in the mid-2016.

Plaintiffs' Amended Complaint. [Doc. #9].

In their brief, Plaintiffs expand on paragraph 62 of their Amended Complaint. They say the City unlawfully withholds certificates of compliance in two situations: (1) when owners have outstanding blight judgments that have expired, which Plaintiffs say results in the City withholding a property right and essentially placing a lien on the property; and (2) when owners have outstanding blight judgments for properties other than the applicant property.

Regarding expired judgments, Plaintiffs say:

> [T]he City is clearly violating the 6-year statute of limitations. Upon information and belief it is likely the City will claim that it is not actually 'enforcing' these older judgments, but rather merely denying a Certificate of Compliance should the judgments not be paid. This goes to the very due process issues alleged in the Amended Complaint. The City is withholding a property right until a judgment is paid, which is essentially acting as a lien on the property.

Plaintiffs' Motion. [Doc. #12].

Substantive due process bars "certain government actions regardless of the fairness of the procedures used to implement them." *County of Sacramento v. Lewis,* 523 U.S. 833, 840 (1998) (quoting *Daniels v. Williams,* 474 U.S. 327, 331 (1986)). Where the claim involves municipal actions, "the focus is on whether there was egregious or arbitrary

7

governmental conduct." *Mettler Walloon, L.L.C. v. Melrose Tp.,* 281 Mich.App. 184, 197 (citing *City of Cuyahoga Falls, Ohio v. Buckeye Community Hope Foundation,* 538 U.S. 188, 198-199 (2003)). "To sustain a substantive due process claim against municipal actors, the governmental conduct must be so arbitrary and capricious as to shock the conscious." *Id.*

Plaintiffs do not address the arbitrary and capricious standard that this Court must apply in determining whether the City violates their substantive due process rights. Nor do they elaborate on why the City's attempt to eliminate blight by attaching judgments to property owners rather than property is an egregious, unconstitutional deprivation of substantive due process. As with their procedural due process claim, Plaintiffs rely on conclusory statements only and give no supporting case law.

Plaintiffs' failure to sufficiently brief their due process claims is dispositive of this factor; they fail to demonstrate a likelihood of success on the merits.

### B. Plaintiffs Have Not Demonstrated They Are Likely To Suffer Irreparable Harm

The Supreme Court of the United States has "frequently reiterated" that this factor "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). Plaintiffs do not satisfy their burden.

Plaintiffs say they will suffer irreparable harm for two reasons: (1) their constitutional right to the use and benefit of their property is involved; and (2) their damages are difficult to calculate and not fully compensable by monetary damages. *See Certified Restoration Dry Cleaning v. Tenke,* 511 F.3d 535, 552 (6th Cir. 2007) (citing

8

*Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 578 (6th Cir. 2002)); *see also Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir. 1992).

The Court rejects both arguments. While Plaintiffs' allege their constitutional right to the use and benefit of their property is jeopardized by the City's practices, that argument is without merit because they fall so short in proving a constitutional violation. *Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 578 (6th Cir. 2002)*.*

Secondly, Plaintiffs fail to show why money damages would not fully compensate them. "The harm alleged cannot be 'speculative or theoretical.' Rather, '[i]n order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.'" *Lieberman v. Husted,* 900 F.Supp.2d 767, 781 (E.D.Mich. 2012) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 154 (6th Cir. 1991)). Plaintiffs fail on both fronts. And, they give no factual support that their damages are difficult to calculate and therefore not fully compensable.

Plaintiffs fail to show irreparable harm is likely. This factor also disfavors injunctive relief.

**V.    CONCLUSION**

Given the magnitude of rights that Plaintiffs say are violated by the City's practices, their failure to substantiate their claims is mystifying. It is not the Court's obligation to put the meat on the bones of their allegations. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citing *Citizens*

9

*Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)) Plaintiffs provide only conclusory statements that the City impinges on their constitutional property rights.

Plaintiffs' failure to make the requisite showing on the merits and likelihood of irreparable harm is dispositive of their motion. *Gonzales v. Nat'l Bd. Of Med. Exam'rs.,* 225 F.3d 620, 625 (6th Cir. 2000); *Winter v. Natural Res. Def. Council,* 505 U.S. 7, 129 (2008). The Court need not discuss the balance of equities and public interest factors. *See In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985).

The Court **DENIES** Plaintiffs' Motion for Injunctive Relief.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 20, 2019